UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY OLIVIERI, JR. ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| 0V. ) | CASE NO.:   2:25-CV-06734 |
| ) | |
| MONTGOMERY COUNTY ) | |
| ) | |
| DEFENDANT ) | |
| ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

**I.      INTRODUCTION**

Plaintiff Anthony Olivieri ("Plaintiff" or "Mr. Olivieri") has brought a three-count lawsuit against Montgomery County ("the County" or "Defendant"), alleging that the County violated the Pennsylvania Whistleblower Law, the Family and Medical Leave Act and the Americans with Disabilities Act.  The County responded with a Motion to Dismiss and submits this Reply Brief in Support of Motion to Dismiss to briefly respond to certain arguments made in Plaintiff's Opposition Brief.

Plaintiff's Opposition Brief largely asks this Court to make inferences that are unsupported by his allegations or applicable case law and/or argues facts that are not included in the Complaint in an effort to defeat the Motion to Dismiss.  This only supports the points the County made in its initial brief.  Plaintiff's allegations of alleged wrongdoing over a period of 8 years without any specific allegations of complaints proximate to his termination is insufficient to state a whistleblower retaliation claim.  And similarly Plaintiff's cursory allegation that he "in essence" asked for an accommodation is insufficient for his ADA claim.  As the County argued

in its Opening Brief, and further explains here, Plaintiff's Complaint should be dismissed for failure to state a claim.

## II.  ARGUMENT

### A. Plaintiff Has Failed to Plead Protected Whistleblower Activity

In our Motion to Dismiss, the County argued that Plaintiff's Complaint failed to properly plead that he had engaged in protected whistleblower activity sufficient to sustain his Complaint. Plaintiff's Brief in Opposition seeks to avoid the lack of specificity in his pleading by pointing to a line of cases he argues support the proposition that minimal pleading is needed for protected activities. *See* Brief in Opposition, ECF Doc 8, at p. 6-8. But those cases all addressed complaints that were far more specific than the case at bar. For example, in *Golaschevsky v. Dept. of Envtl. Prot.*, 720 A.2d 757 (Pa. 1998), Mr. Golaschevsky alleged that he complained to supervisor that he believed other employees were using certain computer software in violation of federal copyright laws. Similarly, in *Javitz v. Luzerne County*, 2017 WL 1217178 (M.D. Pa. Mar. 31, 2017), the plaintiff made a complaint to her supervisor that she believed that she was recorded in violation of the Pennsylvania Wiretap Act. In *Rankin v. City of Philadelphia*, 963 F.Supp. 463 (E.D. Pa. 1997), the plaintiff alleged that he complained to a city official regarding fire code violations and asbestos problems he had discovered. And the plaintiff in *McIntyre v. Delaware Cty.*, 2019 WL 3934914 (E.D. Pa. Aug. 19, 2019) alleged that he made multiple oral and written reports to the head of human resources of discriminatory pay practices.

In stark contrast, Mr. Olivieri alleges no specific complaints. Instead, he alleges that at some point in an 18-month window (from 2024 through his termination in July 2025), he used "terms such as 'fraud,' 'waste,' 'illegal,' and other descriptors to complain to Defendant's management that the was wrongdoing and waste." *See* Complaint, ECF Doc 1, at ¶42.

Defendant is left to guess as to what complaint may or may not have been made, and what the relevant whistleblower activity was complaining about at that time. In lieu of any direct factual allegation regarding whistleblower activity, Plaintiff's Complaint sets forth allegations about a list of things that occurred over an approximately 8-year timeframe which Plaintiff alleges comprise wrongdoing or waste. *See* Complaint, ECF Doc 1, at ¶23-40. But Plaintiff does not allege any specific complaints he made about wrongdoing other than claiming he complained in the most general terms. If an employee generally averring that he complained about "waste" or "fraud" without specificity as to the subject matter, time of the complaint, or other details is sufficient to plead a whistleblower claim, then the standards for evaluating a motion to dismiss would be devoid of meaning.

As *Twombly* makes clear, conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly,* 550 U.S. at 557). To prevent dismissal, the complaint must set out "sufficient factual matter" to show that the claim is facially plausible. *Iqbal,* 556 U.S. at 678. As the County has explained more fully in its Brief in Support of Its Motion to Dismiss, Mr. Olivieri's Complaint lacks that "sufficient factual matter" to show that he has engaged in any protected activity beyond the "naked assertions" of using certain buzzwords at some point within an 18-month window.

B. **Mr. Olivieri's Complaint Fails to Plead Causation**

In the Motion to Dismiss, the County argued that Mr. Oliveri had not pleaded any protected activity that could be causally connected (as that term is understood under the PWL) to his termination. Mr. Olivieri responds by arguing that, "[u]pon a review of the Complaint in its

entirety, there is more than sufficient evidence [to] support an inference of retaliatory conduct ***for Mr. Olivieri's 2025 Complaint*** …" *See* Brief in Opposition, ECF Doc 8, at p. 11 (emphasis added). This is surprising as a review of the Complaint does not directly identify any 2025 complaint other than the vague statement that certain words were used in conversations with various members of "Defendant's management" during the 18-month period in "2024 and 2025." See Complaint at 41-42. Given that causation requires a close temporal connection between the protected activity and alleged adverse action, *Scrip v. Seneca*, Civ. No. 14-1215, 2015 WL 3514243, at *7 (W.D. Pa. 2015), such a general statement should be insufficient to support Plaintiff's claim here. As we argued in the Motion to Dismiss, no complaint was specifically identified, either in subject matter or date or even to whom it was made, and as a result, Plaintiff has not sufficiently plead any protected activity.

Without any specificity about when a complaint was made, Plaintiff cannot meet the burden of pleading that the alleged complaints are causally connected to his termination. "While there is no bright line test to prove 'unusually suggestive' temporal proximity, the United States Court of Appeals for the Third Circuit has suggested that the lapse between the protected activity and the alleged retaliatory act <u>must be measured in days</u>, not weeks or months." *Scrip v. Seneca*, Civ. No. 14-1215, 2015 WL 3514243, at *7 (W.D. Pa. 2015) (emphasis added) (assessing causal connection in context of retaliatory discharge).

Plaintiff attempts to support his claims by directing the Court to *Steele v. Pelmore Labs, Inc.*, for the premise that, "Temporal proximity is measured from the most recent protected activity before the adverse action." *See* Brief in Opposition, ECF Doc 8, at p. 9, but because the Complaint does not clarify when the alleged protected activity occurred, there is no way to evaluate the argument. Given the short time period that is required between protected activity

and the alleged retaliatory act, Plaintiff's 18-month window cannot sustain his claim. With no date (or even a specific month), there is no way to determine temporal proximity. Given that it is Mr. Olivieri's burden to plead facts that set forth a claim, which he has clearly failed to do, his retaliation claim must be dismissed.

While Mr. Olivieri alleges that discovery will cure his deficient Complaint, the Supreme Court has stated clearly that a plaintiff must meet a minimum pleading standard before moving on to discovery. Here, the Complaint has not met the requirements of *Iqbal* and *Twombley*. As such, for all the reasons set forth in the Brief in Support of Motion to Dismiss, Defendant's Motion to Dismiss should be granted.

### C. Mr. Olivieri's ADA Claim Is Insufficiently Plead

Plaintiff's Brief in Opposition similarly ignores the lack of facts in the Complaint and includes representations in the Brief in Opposition to argue that his ADA claim should survive. For example, the Brief in Opposition argues, "To the extent Mr. Olivieri asked for a quieter work environment and not to be subjected to yelling/hostile behaviors given his incidents of depression/anxiety and panic attacks, these facts must be accepted as true and in a light most favorable to Mr. Olivieri." *See* Brief in Opposition, ECF Doc 8, at p. 14. But the Complaint itself does not allege that Mr. Olivieri asked for a quieter work environment and while "panic" is referenced as a health issue Plaintiff experienced, *See* Complaint, ECF Doc 1, at ¶15, Plaintiff has not alleged that he suffered from panic attacks. Similarly, although the Brief in Opposition argues that "Mr. Olivieri specifically plead that the yelling and abusive behaviors needed to cease *because* they were exacerbating *his mental health*," *See* Brief in Opposition, ECF Doc 8, at 16, there is no such "specific" allegation in the Complaint. In saying this, the County recognizes that Plaintiff has alleged that he perceived County management to have had a demeanor that was

"condescending and aggressive in tone", *See* Complaint, ECF Doc 1, at ¶18, and elsewhere references – without identifying Defendant, a specific event, or when the events occurred – that his mental health issues were exacerbated by "mistreatment, yelling or bullying. *See* Complaint, ECF Doc 1, at ¶47. But it is important to note that those simply do not comprise a "specif[ic] plead[ing]" as Plaintiff has suggested in the Brief in Opposition.

Indeed, as the County has already argued, Plaintiff's Brief in Opposition studiously avoids the fatal flaw that, based on his own allegations, Plaintiff has not plead facts to state and ADA claim. Further, in his Brief in Opposition, Plaintiff does not cite any authority that "in essence asking for an accommodation" could form the basis of an ADA claim.

The County respectfully submits that this is not a question of burden shifting or causation, both of which we recognize are more appropriate for summary judgment, but rather a failure to plead with sufficient specificity under the applicable pleading standards. As set forth in detail in the Motion to Dismiss, the lack of specificity in Plaintiff's Complaint is fatal to Plaintiff's claim and warrants dismissal.

## **CONCLUSION**

For all the foregoing reasons, Defendants respectfully request this Honorable Court grant their Motion to Dismiss Plaintiff's Complaint.

    Respectfully submitted,

    MONTGOMERY COUNTY SOLICITOR'S OFFICE

    */s/ Jeffrey S. Stewart*
    Jeffrey S. Stewart, Esquire
    One Montgomery Plaza, Suite 800
    P.O. Box 311

Norristown, PA  19404-0311
610-278-3033
Attorneys for Defendant,
Montgomery County

## **CERTIFICATE OF SERVICE**

I, Jeffrey S. Stewart, Esq., hereby certify that the Defendants' Motion to Dismiss Plaintiffs' Complaint was served electronically on the 23rd day of February 2026, via the Court's ECF System, upon the following counsel of record:

Ari R. Karpf, Esq.
Christine E. Burke, Esq.
Karpf, Karpf & Cerutti, P.C.
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
akarpf@karpf-law.com
cburke@karpf-law.com

*/s/ Jeffrey S. Stewart*
Jeffrey S. Stewart, Esquire