IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY OLIVIERI, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-6734 |
| | : | |
| MONTGOMERY COUNTY | : | |

**ORDER**

AND NOW, this 12th day of August, 2026, upon consideration of Defendant Montgomery County's Motion to Dismiss Plaintiff's Complaint (ECF No. 7), Plaintiff Anthony Olivieri, Jr.'s opposition, and the County's reply, it is ORDERED the Motion is GRANTED IN PART AND DENIED IN PART as follows:

1. The Motion is GRANTED as to Plaintiff's First Cause of Action, alleging violations of the Americans with Disabilities Act, insofar Plaintiff asserts claims for failure to accommodate and for retaliation based on his alleged request for an accommodation in 2025. These claims are DISMISSED without prejudice. The Motion is DENIED as to Plaintiff's claims for disability discrimination and for retaliation based on his request for medical leave in 2024.[1]

---

[1] Plaintiff Anthony Olivieri, Jr. began working for Montgomery County in March 2009 and served as the County's Chief Information Officer from 2012 until his employment was terminated on July 9, 2025. Compl. ¶¶ 12-13, 19, ECF No. 1. With regard to Olivieri's claims under the Americans with Disabilities Act (ADA), the Complaint alleges that during the second half of 2024, Olivieri told County management he was suffering from "anxiety, panic and depression complications," among other health problems. *Id.* ¶ 15. From November 2024 through early January 2025, Olivieri took approved leave under the Family and Medical Leave Act (FMLA) due to the foregoing medical conditions and related medical treatment. *Id.* ¶¶ 14, 16. Upon his return to work in January 2025, he experienced a hostile work environment that continued until his employment was terminated in July 2025. *Id.* ¶ 18. Specifically, other management employees exhibited a "hostile demeanor" toward Olivieri that was "condescending and aggressive in tone," he was excluded from work-related communications, initiatives, and committees, and he experienced unnecessary delays or obstacles in obtaining approvals for work. *Id.* Olivieri asserts that during this same time period, he told County management he was having "flareups of his

health problems" due in part to mistreatment at work. *Id.* ¶ 17. He claims that in these discussions, he "was in essence asking for accommodation to not be subject to abusive behavior or mistreatment to avoid further complicating his ongoing health treatment." *Id.* In July 2025, the County terminated Olivieri's employment. *Id.* ¶ 19. At the time, Olivieri was told only that "there was going to be a 'change of direction'" as the County was "in the midst of many changes." *Id.* Nevertheless, the County offered him an unsolicited severance agreement which proposed to pay him $30,213.65 in exchange for a waiver of all known or unknown claims (including discrimination and retaliation claims). *Id.* ¶ 45. Olivieri later learned, in the course of seeking unemployment benefits, that the County maintained he had been terminated due to performance problems, even though he had never received any discipline. *Id.* ¶ 19.

For his first cause of action, Olivieri alleges violations of the ADA. While the heading for this cause of action references only discrimination and retaliation, the body of the Complaint also alleges failure to accommodate. *See id.* ¶ 49. The County argues that insofar as Olivieri is asserting an ADA claim for failure to accommodate, the claim should be dismissed because the Complaint does not plausibly allege Olivieri requested an accommodation. The Court agrees. To establish a claim of failure to accommodate, a plaintiff must show "(1) he was disabled and his employer knew it; (2) he requested an accommodation or assistance; (3) his employer did not make a good faith effort to assist; and (4) he could have been reasonably accommodated." *Capps v. Mondelez Glob., LLC*, 847 F.3d 144, 157 (3d Cir. 2017) (quoting *Armstrong v. Burdette Tomlin Mem'l Hosp.*, 438 F.3d 240, 246 (3d Cir. 2006)). At the motion to dismiss stage, the plaintiff need only plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (alteration in original) (internal quotation marks and citation omitted). A request for an accommodation need not be in writing or "formally invoke the magic words 'reasonable accommodation.'" *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 313 (3d Cir. 1999) (citation omitted). But the employer must be on notice "that the employee wants assistance for his or her disability." *Id.*; *see also Colwell v. Rite Aid Corp.*, 602 F.3d 495, 506 (3d Cir. 2010) ("The employer must have enough information to know of both the disability and desire for an accommodation, or circumstances must at least be sufficient to cause a reasonable employer to make appropriate inquiries about the possible need for an accommodation." (internal quotation marks and citation omitted)).

With regard to accommodations, the Complaint alleges only that Olivieri informed management he was experiencing flareups of his health concerns due to mistreatment at work after returning from medical leave. Compl. ¶ 17. Although Olivieri characterizes these statements as "in essence" a request for an accommodation, *id.*, they do not, without more, provide a plausible basis from which to infer that the County was on notice of his desire for an accommodation or assistance. Notably, in opposing the motion to dismiss, Olivieri suggests an employee may request an accommodation by asking for a quieter work environment or for yelling and abusive behaviors to cease. Pl.'s Opp'n 14-15, ECF No. 8. But the Complaint does not allege Olivieri requested these or any other modifications to his work environment. In his opposition, Olivieri also suggests he requested an accommodation by seeking a reasonable medical leave of absence from November 2024 through January 2025. *See id.* at 13. "[A] request for FMLA leave may qualify, under certain circumstances, as a request for a reasonable accommodation under the ADA." *Steidle v. U.S. Liab. Ins. Co.*, 179 F.4th 193, 204 (3d Cir. 2026) (quoting *Capps*, 847 F.3d at 156-57). Any such request cannot be the basis for a failure to accommodate claim here, however, because Olivieri was apparently permitted to take any requested leave. *See Beishl v. Cnty. of Bucks*, No. 18-2835, 2018

2. The Motion is DENIED as to Plaintiff's Second Cause of Action, alleging a claim for retaliation under the Family and Medical Leave Act.

3. The Motion is GRANTED as to Plaintiff's Third Cause of Action, alleging a violation of the Pennsylvania Whistleblower Law. This claim is DISMISSED without prejudice.[2]

---

WL 6812132, at *5 (E.D. Pa. Dec. 27, 2018) ("Even when a request for FMLA leave is also deemed one for a reasonable accommodation under the ADA, the employee may not maintain his failure to accommodate claim when the employer approves and the employee takes the requested medical leave."). The claim for failure to accommodate is therefore dismissed without prejudice.

For similar reasons, Olivieri's ADA retaliation claim is also dismissed in part. To establish a claim for retaliation under the ADA, a plaintiff must show "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997). Olivieri claims his "protected employee activity" was his request for accommodations. *See* Compl. ¶¶ 44, 49, ECF No. 1. Insofar as the retaliation claim is based on Olivieri's alleged request for an accommodation after returning from FMLA leave in January 2025, the claim is dismissed without prejudice because the Complaint does not sufficiently allege Olivieri requested any accommodations during that period for the reasons explained above. As noted, however, Olivieri contends he also engaged in protected conduct by seeking medical leave. *See* Pl.'s Opp'n 13. The County does not respond to this argument. Therefore, Olivieri's retaliation claim will be permitted to proceed insofar as it is based on his request for medical leave.

The County additionally argues Olivieri's ADA discrimination and retaliation claims should be dismissed because the Complaint does not plead facts from which it can reasonably be inferred that his termination was causally related to either his disability or his protected conduct. The Court finds Olivieri has sufficiently alleged causation at the pleading stage based on the timing of his termination in relation to the disclosure of his alleged disability and protected conduct, the alleged pattern of antagonism he experienced following his return from FMLA leave, and the shifting explanations provided for his termination. For the same reasons, Plaintiff Second Cause of Action (FMLA retaliation) also will not be dismissed.

[2] The County contends the Complaint fails to state a claim for retaliation under the Pennsylvania Whistleblower Law (PWL) because it does not sufficiently allege any protected activity by Olivieri. The Court agrees. The PWL prohibits an employer from "discharg[ing], threaten[ing] or otherwise discriminat[ing] or retaliat[ing]" against an employee for "mak[ing] a good faith report, . . . , verbally or in writing, to the employer or other appropriate authority [about] an instance of wrongdoing or waste by a public body." 43 Pa. Stat. § 1423(a). To establish a violation of the statute, a plaintiff must show "(1) [he] reported an instance of wrongdoing or waste to an appropriate authority; and (2) there is a causal connection between the report and the alleged retaliation." *Frazier v. City of Philadelphia*, 441 F. Supp. 3d 76, 96 (E.D. Pa. 2020) (citing 43 Pa. Stat. § 1424(b)). Where alleged wrongdoing is involved, the plaintiff must "demonstrate [he] made a report of some action by [his] employer or its agent, which, if proven, would constitute a violation

4. Plaintiff may file an amended complaint within 30 days of the date of this Order to correct the pleading deficiencies identified herein.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

of a law or regulation." *Id.* (quoting *Greco v. Myers Coach Lines, Inc.*, 199 A.3d 426, 434 (Pa. Super. Ct. 2018)). The report "must be 'sufficient to identify the law [or regulation] allegedly violated.'" *Id.* (alteration in original) (quoting *Sukenik v. Twp. of Elizabeth*, 131 A.3d 550, 555 (Pa. Commw. Ct. 2016)). A "'general and vague' allegation of wrongdoing is not enough to state a claim." *Id.* (quoting *Riggio v. Burns*, 711 A.2d 497, 501 (Pa. Super. Ct. 1998) (en banc)).

Although the Complaint details various instances of wrongdoing and waste by County employees beginning as early as 2017 and continuing through 2024 and 2025, Compl. ¶¶ 23-40, it does not allege Olivieri reported any of these specific instances to County management. Instead, the Complaint alleges that "in 2024 and 2025 [Olivieri] was complaining to Defendant's above-referenced management about an accumulation of such wrongdoing and waste." *Id.* ¶ 41. The Complaint also alleges Olivieri "was very vocal[,] using terms such as 'fraud,' 'waste,' 'illegal,' and other descriptors," and "at times expressing he didn't want to be involved or sign certain documents," *id.* ¶ 42, but does not tie Olivieri's complaints to any of the wrongdoing or waste alleged or identify the individuals to whom the complaints were made beyond referencing seven management employees "whom Plaintiff either interacted with or reported to," *id.* ¶ 20. These broad allegations do not support a plausible inference that Olivieri made reports of instances of wrongdoing or waste within the meaning of the statute. *Cf. McIntyre v. Cnty. of Delaware*, No. 18-5066, 2019 WL 3934914, at *7 (E.D. Pa. Aug. 19, 2019) (finding complaint "pled a good faith report of wrongdoing sufficient to withstand a motion to dismiss" based on allegations that plaintiffs submitted written complaints regarding wrongdoing in County Emergency Services Department to the Director of Personnel in May and June 2017). Furthermore, Olivieri pleads no concrete facts suggesting a causal connection between a whistleblowing report and his termination. The PWA claim is therefore dismissed without prejudice.